**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>COREWEAVE, INC.,<br><br>Respondent. | Misc. Case No. 7:26-mc-323<br><br>Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG |

**DECLARATION OF TANNER LAICHE IN SUPPORT OF NEURAL AI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY COREWEAVE, INC.**

I, Tanner Laiche, declare as follows:

1. I am an attorney duly licensed to practice in the States of California and Washington and am admitted to the Western District of Texas. I am an associate at the law firm of Susman Godfrey LLP, and am a counsel of record for Petitioner Neural AI, LLC ("NAI") in the above-captioned matter. I make this declaration in support of NAI's Motion to Compel Compliance with Subpoena Served on Third-Party Coreweave, Inc. ("CoreWeave"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of NAI's First Amended Complaint for Patent Infringement filed in the Underlying Action on December 12, 2024.

3. Attached hereto as **Exhibit 2** is a true and correct copy of U.S. Patent No. 8,648,867, entitled "Graphic Processor Based Accelerator System and Method."

4. Attached hereto as **Exhibit 3** is a true and correct copy of Reissue Patent No. RE48,438, entitled "Graphic Processor Based Accelerator System and Method."

5. Attached hereto as **Exhibit 4** is a true and correct copy of Reissue Patent No. RE49,461, entitled "Graphic Processor Based Accelerator System and Method."

6. Attached hereto as **Exhibit 5** is a true and correct copy of NAI's Notice of Service of Subpoena to CoreWeave, Inc., filed on October 15, 2025, including the subpoena and accompanying definitions, instructions, and requests for production.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the Affidavit of Service confirming service of the subpoena on CoreWeave's registered agent on October 16, 2025.

8. Attached hereto as **Exhibit 7** is a true and correct copy of Non-Party CoreWeave, Inc.'s Objections and Responses to Plaintiff Neural AI, LLC's Subpoena, dated December 1, 2025.

9. Attached hereto as **Exhibit 8** is a true and correct copy of NAI's Notice of Service of Deposition Subpoena to CoreWeave, Inc., served on June 24, 2026, including the accompanying deposition topics.

10. Attached hereto as **Exhibit 9** is a true and correct copy of the Affidavit of Service confirming service of the deposition subpoena on CoreWeave's registered agent on June 26, 2026.

11. Attached hereto as **Exhibit 10** is a true and correct copy of meet-and-confer correspondence between counsel for NAI and counsel for CoreWeave regarding NAI's subpoenas, dated July 8, 2026 through August 17, 2026.

12. Attached hereto as **Exhibit 11** is a true and correct copy of additional meet-and-confer correspondence between counsel for NAI and counsel for CoreWeave, including NAI's detailed categories of responsive documents provided on August 3, 2026.

13. Attached hereto as **Exhibit 12** is a true and correct copy of NAI's Draft Third-Party Declaration provided to CoreWeave on August 7, 2026.

14. Attached hereto as **Exhibit 13** is a true and correct copy of a CoreWeave blog post

titled "CoreWeave Joins NVIDIA Partner Network as Preferred Cloud Provider," dated September 2020. I obtained this document from CoreWeave's publicly accessible website on August 17, 2026.

15. Attached hereto as **Exhibit 14** is a true and correct copy of a CoreWeave blog post titled "CoreWeave Becomes NVIDIA's First Elite Cloud Services Provider for Compute," dated July 2021. I obtained this document from CoreWeave's publicly accessible website on August 17, 2026.

16. Attached hereto as **Exhibit 15** is a true and correct copy of an NVIDIA press release titled "NVIDIA and CoreWeave Strengthen Collaboration to Accelerate Buildout of AI Factories," dated January 26, 2026. I obtained this document from NVIDIA's publicly accessible website on August 17, 2026.

17. Attached hereto as **Exhibit 16** is a true and correct copy of the CoreWeave Careers webpage, printed from CoreWeave's website. I obtained this document from CoreWeave's publicly accessible website on August 17, 2026.

18. Attached hereto as **Exhibit 17** is a true and correct copy of data center records identifying CoreWeave's data center facilities in Texas. I obtained this document from a publicly accessible website on August 17, 2026.

19. Attached hereto as **Exhibit 18** is a true and correct copy of NAI's January 20, 2026 Final Infringement Contentions filed in the Underlying Action.

20. Attached hereto as **Exhibit 19** is a true and correct copy of NVIDIA's Amended Answer to NAI's Amended Complaint, filed on November 25, 2025, as docketed at Dkt. 130 in the Underlying Action (public, redacted version).

21. Attached hereto as **Exhibit 20** is a true and correct copy of additional meet-and-

confer correspondence between counsel for NAI and counsel for CoreWeave from October 2025 through April 2026 regarding the initial document subpoena.

22. Attached hereto as **Exhibit 21** is a true and correct copy of a document produced by CoreWeave bearing Bates number COREWEAVE_0000286, which is a publicly available webpage from CoreWeave's website titled "Shared Responsibility Model."

23. The Underlying Action—*Neural AI, LLC v. NVIDIA Corporation*, Case No. 7:24-cv-00221-LS-DTG (W.D. Tex.)—is a patent infringement action in which NAI alleges that NVIDIA Corporation's ("NVIDIA") GPU-accelerated computing hardware and software infringe U.S. Patent No. 8,648,867 (the "'867 Patent"), Reissue Patent No. RE48,438 (the "'438 Patent"), and Reissue Patent No. RE49,461 (the "'461 Patent") (collectively, the "Asserted Patents").

24. Throughout discovery in the Underlying Action, NVIDIA has taken the position that NAI must obtain evidence from NVIDIA's customers, partner, and end users to prove how the accused products are actually deployed and configured. During a sealed discovery conference on September 8, 2025, NVIDIA's counsel represented to the Court that it only provides tools for end-user companies to build their own AI applications on NVIDIA hardware and that if NAI wanted to learn how the accused software was deployed in real-world systems, NAI would need to seek that information directly from NVIDIA's customers, partners, and end users.

25. Throughout discovery NVIDIA has also disclaimed knowledge concerning how its customers, partners, and end users ultimately deploy, configure, and operate NVIDIA hardware and software. NAI accordingly turned to third-party discovery, including subpoenas to CoreWeave, to obtain the evidence NVIDIA contends NAI must have.

26. As of the date of this declaration, CoreWeave has not: (a) produced any substantive non-public documents responsive to the subpoena; (b) designated a witness for deposition; (c)

provided proposed edits to or executed the draft declaration; or (d) offered any counter-proposal. Document discovery in the Underlying Action closed on August 11, 2026. Defendant NVIDIA in the Underlying Action stipulated to extend the deadline for third-party motions to compel to August 18, 2026. Deposition discovery closes on September 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2026, in Seattle, Washington.

Tanner Laiche