# EXHIBIT

# 7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

NEURAL AI, LLC,

Plaintiff,

v.

NVIDIA CORPORATION,

Defendant.

Case No. 7:24-CV-00221-ADA-DTG

**NON-PARTY COREWEAVE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF NEURAL AI, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS**

Pursuant to Federal Rule of Civil Procedure 45, non-party CoreWeave, Inc. ("CoreWeave"), by and through its undersigned counsel, hereby provides the following objections and responses to the Subpoena to Produce Documents, Information, or Objects, dated October 15, 2025 ("Subpoena"), issued by Plaintiff Neural AI, LLC ("Neural AI") in the above-captioned matter.

**GENERAL OBJECTIONS**

1. The following General Objections apply to each and every Request for Production of Documents ("Request") listed in Exhibit A of the Subpoena, and are incorporated by reference into each individual response as if set forth fully therein. CoreWeave objects to each and every Request to the extent that it seeks information or documents protected by any applicable privilege, including but not limited to the attorney-client privilege, the work-product doctrine or immunity, the joint defense/common interest privilege, and any other applicable privilege, immunity, or exemption from discovery as outlined in the Federal Rules of Civil Procedure and

applicable law. For the sake of clarity, CoreWeave hereby asserts such privileges and/or exemptions. Any inadvertent disclosures or production of information and/or documents shall not be deemed a waiver of any privilege with respect to such information or documents or any work product doctrine or immunity that may attach thereto.

2. CoreWeave objects to each and every Request to the extent it purports to require the disclosure of trade secrets or other confidential financial, commercial, strategic, or proprietary information of third parties. CoreWeave further objects to each and every Definition, Instruction, and Request to the extent it purports to require CoreWeave to disclose or produce information in violation of a legal or contractual obligation to a third party of nondisclosure or confidentiality. Such information will not be disclosed unless the terms of the obligation have been satisfied to permit such disclosure. Further, CoreWeave will only produce such information subject to the terms of an appropriate Protective Order to ensure the confidentiality of such information, documents, or materials.

3. CoreWeave objects to each and every Request to the extent it seeks information or documents: (1) not relevant to the subject matter of the case; (2) not proportional to the needs of the case; (3) where the burden or expense outweighs its likely benefit; (4) without providing a reasonable time period for information sought; or (5) otherwise beyond the scope of relevant discovery.

4. CoreWeave objects to each and every Request to the extent it seeks duplicative or cumulative information or documents, on the grounds that such Requests are overly broad, unduly burdensome, and seek information that is neither relevant to the subject matter of this case nor proportional to its needs.

5. CoreWeave objects to any Request that seeks information which either has been sought or could be sought from NVIDIA or from another source that is more convenient or less burdensome.

6. CoreWeave objects to each and every Request to the extent it calls for information that is not ascertainable by means of a reasonably diligent search, including without limitation information that is not maintained by CoreWeave in the normal course of business or that is no longer maintained by CoreWeave.

7. CoreWeave further objects to each and every Definition and Request to the extent the requested information is already in Neural AI's possession, is publicly available, or can be obtained from another source that is more convenient or less burdensome.

8. CoreWeave objects to each and every Request to the extent it calls for a legal opinion or conclusion.

9. CoreWeave objects to each and every Definition, Instruction, and Request to the extent it seeks information or identification of information not within CoreWeave's possession, custody, or control, or it refers to persons, entities, or events not known to CoreWeave, on the grounds that such Definitions, Instructions, and Requests: (1) seek to require more of CoreWeave than any obligation imposed by law; (2) subject CoreWeave to unreasonable and undue burden and expense; and (3) seek to impose upon CoreWeave an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to Neural AI and/or equally obtainable from more convenient sources.

10. CoreWeave objects to each and every Definition, Instruction, and Request to the extent it seeks to impose burdens on CoreWeave that are inconsistent with or not otherwise authorized by the Federal Rules of Civil Procedure or any other Orders governing this action.

11. CoreWeave objects to each and every Definition, Instruction, and Request to the extent it seeks identification of "any" and "all" information that refers or relates to a particular subject on the grounds of overbreadth, undue burden, and expense.

12. CoreWeave objects to each and every Request as vague, ambiguous, overly broad, unduly burdensome to the extent it seeks information that is not relevant to the subject matter of this action and/or fails to provide a reasonable time period for documents sought or provides an arbitrary time period.

13. CoreWeave objects to each and every Request to the extent it uses terms that are not defined or understood, or are vaguely or ambiguously defined, and therefore, fail to identify with reasonable particularity the information sought. CoreWeave will not speculate as to the meaning to ascribe such terms.

14. CoreWeave objects to each and every Request to the extent it calls for legal opinion or conclusion, or requires an expert opinion.

15. CoreWeave objects to the definition of "NVIDIA GPU-Acceleration Hardware" as vague, ambiguous, overly broad, and unduly burdensome. The definition encompasses an expansive and undefined universe of NVIDIA products, including "any and all variations" of the hundreds of examples listed in the subpoena. CoreWeave objects to each and every Request using this term to the extent it fails to describe the information sought with reasonable particularity and instead improperly shifts the burden to CoreWeave, a non-party, to identify which of its products or services use any of these numerous NVIDIA devices. Such an obligation would require extensive analysis and mapping of CoreWeave's hardware environment and is unduly burdensome and disproportionate under Federal Rule of Civil Procedure 45. CoreWeave further objects to the extent this definition seeks information on hardware outside the scope of

this litigation, as such requests are irrelevant and not proportional to the needs of the case, and impose an undue burden or a burden that exceeds that contemplated by the Federal Rules of Civil Procedure. CoreWeave will interpret this term as referring to NVIDIA hardware for GPU acceleration as CoreWeave understands it for purposes of responding, but will not undertake an exhaustive identification of all NVIDIA hardware potentially implicated by the definition.

16. CoreWeave objects to the definition of "NVIDIA GPU-Acceleration Software" as vague, ambiguous, overly broad, and unduly burdensome. The definition encompasses an expansive and undefined universe of NVIDIA software, libraries, toolkits, APIs, SDKs, platforms, orchestration environments, cloud services, and application frameworks, including "any other" products developed or licensed by NVIDIA that "provide, rely on, or facilitate GPU acceleration" beyond the dozens of examples listed in the subpoena. CoreWeave objects to each and every Request using this term to the extent it fails to describe the information sought with reasonable particularity and instead improperly shifts the burden to CoreWeave, a non-party, to identify which of its products or services use any of these numerous NVIDIA software products. Such an obligation would require extensive analysis and mapping of CoreWeave's software stack and is unduly burdensome and disproportionate under Federal Rule of Civil Procedure 45. CoreWeave further objects to the extent this definition seeks information on software outside the scope of this litigation, as such requests are irrelevant and not proportional to the needs of the case, and impose an undue burden or a burden that exceeds that contemplated by the Federal Rules of Civil Procedure. CoreWeave will interpret this term as referring to NVIDIA software for GPU acceleration as CoreWeave understands it for purposes of responding, but will not undertake an exhaustive identification of all NVIDIA software potentially implicated by the definition.

17. CoreWeave objects to the definitions of "and," "or," "any," and "each" as vague, ambiguous, overly broad and unduly burdensome to the extent they purport to give meanings that are different from the ordinary English meanings.

18. CoreWeave objects to the definition of "Asserted Patents" and "Patents-in-Suit" as vague, ambiguous, overly broad, particularly with respect to the phrase "[e]ach reference to the Asserted Patents is intended to include the application on which it issued and its entire prosecution history." CoreWeave further objects to this definition to the extent it calls for a legal conclusion and places undue burden upon CoreWeave, a non-party, to investigate and identify patent applications that are not asserted in, and not relevant to, this case. CoreWeave will respond to these Requests with respect to U.S. Patent Nos. 8,648,867; RE49,461; and RE48,438, which are the only patents specifically identified in the Definitions.

19. CoreWeave objects to Definition and Instruction No. 6 to the extent it purports to impose a burden on CoreWeave, a non-party, to identify which terms in the Requests are claim terms in the Asserted Patents and to determine or assign a "plain and ordinary meaning as understood in the Asserted Patents." CoreWeave objects to each and every Request to the extent it purports to define any term or phrase used in claims of the Asserted Patents.

20. CoreWeave objects to the definitions of "concerning," "related to," "relating to," and "regarding" and any variation thereof as vague, ambiguous, overly broad and inherently subjective. CoreWeave further objects to the definitions as unduly burdensome. The definitions encompass an indeterminate and expansive range of concepts and synonyms, imposing an unreasonable obligation on CoreWeave to identify and interpret every possible variation or nuance of these terms. CoreWeave further objects to the extent these definitions purport to give

meanings that are different from the ordinary English meanings or broaden the scope of discovery beyond what is relevant or proportional to the needs of the case.

21. CoreWeave objects to the definition of "Document(s)" as vague, ambiguous, overly broad and unduly burdensome. CoreWeave further objects to this definition to the extent it purports to give a meaning that is different from the ordinary English meaning. CoreWeave further objects to any definition or instruction that purports to impose obligations on CoreWeave to search across Electronically Stored Information ("ESI") or other sources that are not reasonably accessible due to undue burden or cost. *See* Definitions and Instructions Nos. 10, 20-26. Such requirements are overbroad, cumulative, disproportionate to the needs of the case, and unduly burdensome.

22. CoreWeave objects to the definitions of "include" and "including" as vague, ambiguous, overly broad and unduly burdensome to the extent they purport to give meanings that are different from the ordinary English meanings.

23. CoreWeave objects to the definition of "NVIDIA" as overly broad to the extent that it includes persons or entities that are separate and distinct from NVIDIA. CoreWeave further objects to the definition of "NVIDIA" as vague, ambiguous, overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to the subject matter of the case and not proportional to the needs of the case. For example, the definition purports to include "its predecessors" and "any other person or entity acting on behalf of or under the control of Defendant NVIDIA Corporation." CoreWeave objects to the definition because it would require CoreWeave to make a determination about whether an entity satisfies this definition, or would require CoreWeave to have knowledge of matters beyond its custody and control.

24. CoreWeave objects to the definition of "person" as vague, ambiguous, overly broad and unduly burdensome to the extent it purports to give meanings that are different from the ordinary English meanings.

25. CoreWeave objects to the definition of "Source Code" as vague, ambiguous, overly broad and unduly burdensome to the extent it purports to give meanings that are different from the ordinary English meanings.

26. CoreWeave objects to the definitions of "You," "Your," and "CoreWeave" as overly broad to the extent that they include persons or entities that are separate and distinct from CoreWeave, including predecessors, successors, parents, affiliates, related entities, and "any other person or entity acting or purporting to act on its behalf or subject to its control." CoreWeave further objects to the inclusion of "The Atlantic Crypto Corporation LLC, Atlantic Crypto Corporation, Conductor Technologies, Inc." individually and collectively, as well as any dissolved or separate entities that are distinct from CoreWeave and/or not within CoreWeave's possession, custody, or control. CoreWeave further objects to these definitions as vague, ambiguous, overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to the subject matter of the case and not proportional to the needs of the case, including because they are not limited by time. CoreWeave objects to these definitions because they would require CoreWeave to make a determination about whether an entity satisfies this definition, or would require CoreWeave to have knowledge of matters beyond its custody or control. CoreWeave responds on its behalf only.

27. CoreWeave objects to Definition and Instruction No. 20 to the extent it purports to require CoreWeave, a non-party, to search across "all" ESI, including materials held by "affiliates, subsidiaries, agents, representatives" or other persons or entities outside of

CoreWeave's possession, custody, or control. CoreWeave further objects to this instruction to the extent it purports to require CoreWeave to search for ESI or other sources that are not reasonably accessible due to undue burden or cost. Such requirements are overbroad, cumulative, disproportionate to the needs of the case and unduly burdensome. CoreWeave objects to this instruction to the extent that it seeks to expand the scope of discovery beyond what is relevant or necessary.

28. CoreWeave objects to Definition and Instruction No. 21 as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to the subject matter of this case and not proportional to the needs of the case. CoreWeave further objects to the extent this instruction imposes an undue burden or a burden that exceeds that contemplated by the Federal Rule of Civil Procedure 45(e)(1).

29. CoreWeave objects to Definition and Instruction No. 23 seeking a privilege log as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to the subject matter of this case and not proportional to the needs of the case. CoreWeave further objects to the extent this instruction imposes an undue burden or a burden that exceeds that contemplated by the Federal Rule of Civil Procedure 45(e)(2).

30. CoreWeave objects to Definition and Instruction No. 25 seeking, among other things, a source log as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to the subject matter of this case and not proportional to the needs of the case. Federal Rule of Civil Procedure 34(b)(2)(E) does not impose a duty upon non-parties to "produce a record of the source of each document or ESI item." CoreWeave further objects to the extent this instruction imposes an undue burden or a burden that exceeds that contemplated by the Federal Rule of Civil Procedure 45(e)(1).

31. CoreWeave objects to Definition and Instruction No. 27 to the extent it purports to impose a burden on CoreWeave, a non-party, to supplement its responses to these Requests.

32. CoreWeave objects to Definition and Instruction No. 29 as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to the subject matter of this case and not proportional to the needs of the case.

33. CoreWeave objects to each and every Request as overbroad and unduly burdensome to the extent that it requests information outside of a time period and geographic location relevant to the underlying action.

34. CoreWeave objects to each and every Request to the extent it calls for CoreWeave to prepare documents and/or things that do not already exist, or calls for documents and/or things in a format other than that in which they are ordinarily kept by CoreWeave. CoreWeave will not create new documents or things to respond to any Request.

35. A response that CoreWeave is willing to provide responsive non-privileged information or documents does not mean that such information or documents exist, or that such information or documents, if they exist, are admissible, relevant or proportional to the needs of the case.

36. CoreWeave incorporates by reference the foregoing General Objections in its specific response to each and every Request. CoreWeave may repeat a General Objection for emphasis or for some other reason. The failure to repeat any such objection with respect to a particular Request does not waive that objection. Any specific objections to the following Requests are in addition to, and not in lieu of, the foregoing General Objections. CoreWeave does not waive its right to amend its objections.

**RESPONSE TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all types of NVIDIA GPU-Acceleration Hardware purchased, acquired, or deployed by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Hardware," set forth in Paragraph 15 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "purchased, acquired, or deployed by You." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, disproportionate to the needs of the case, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce documents reflecting acquisition or purchase records, as such information is more appropriately obtained from NVIDIA and/or Dell as the source of those records. Based on its understanding of this Request, CoreWeave will produce responsive, non-privileged documents sufficient to identify CoreWeave commercial products that use NVIDIA hardware for GPU acceleration, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the quantity, identity, and price of NVIDIA GPU-Acceleration Hardware (including model numbers) purchased, deployed, tested, or used by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Hardware," set forth in

Paragraph 15 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "purchased, deployed, tested, or used by You." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it calls for information which is confidential, or proprietary to, or the trade secrets of, a third party, or which CoreWeave is under an obligation and/or duty to a third party not to disclose. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce documents reflecting purchase records, as such information is more appropriately obtained from NVIDIA and/or Dell as the source of those records. Based on its understanding of this Request, CoreWeave will produce responsive, non-privileged documents sufficient to identify CoreWeave commercial products that use NVIDIA hardware for GPU acceleration, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify all types of NVIDIA GPU-Acceleration Software acquired, licensed, or used by You, including from the NGC catalog, NVIDIA AI Enterprise, or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "acquired, licensed, or used by You." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it calls for information which is confidential, or proprietary to, or the trade secrets of, a third party, or which CoreWeave is under an obligation and/or duty to a third party not to disclose. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce documents reflecting acquisition or

licensing records, as such information is more appropriately obtained from NVIDIA and/or Dell as the source of those records. Based on its understanding of this Request, CoreWeave will produce responsive, non-privileged documents sufficient to identify CoreWeave commercial products that use NVIDIA software for GPU acceleration, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify the quantity and identity of NVIDIA GPU-Acceleration Software (including model numbers) acquired, licensed, or used by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "acquired, licensed, or used by You." CoreWeave

further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it calls for information which is confidential, or proprietary to, or the trade secrets of, a third party, or which CoreWeave is under an obligation and/or duty to a third party not to disclose. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce documents reflecting acquisition or licensing records, as such information is more appropriately obtained from NVIDIA and/or Dell as the source of those records. Based on its understanding of this Request, CoreWeave will produce responsive, non-privileged documents sufficient to identify CoreWeave commercial products that use NVIDIA software for GPU acceleration, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify any products, features, or services offered by You that depended on NVIDIA GPU-Acceleration Software or NVIDIA GPU-Acceleration Hardware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of

the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definitions of "NVIDIA GPU-Acceleration Software" and "NVIDIA GPU-Acceleration Hardware," set forth in Paragraphs 15 and 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "depended on." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, disproportionate to the needs of the case, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that, based on its understanding of this Request, CoreWeave will produce responsive, non-privileged documents sufficient to identify CoreWeave commercial products that use NVIDIA hardware or software for GPU acceleration, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify all agreements, license terms, purchase orders, or other transactional documents relating to the acquisition or use of any NVIDIA GPU-Acceleration

Hardware or NVIDIA GPU-Acceleration Software between You and NVIDIA, and the terms of those agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definitions of "NVIDIA GPU-Acceleration Hardware" and "NVIDIA GPU-Acceleration Software," set forth in Paragraphs 15 and 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the terms "agreements," "acquisition," "use," and the phrase "other transactional documents." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. For example, the Request uses the term "all." CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce licensing or purchase records between CoreWeave and NVIDIA, as such information is more appropriately obtained from NVIDIA as the source of those records.

**REQUEST FOR PRODUCTION NO. 7:**

Technical documentation, architectural diagrams, source code excerpts, or internal presentations sufficient to show how You implemented, incorporated, or otherwise used any NVIDIA GPU-Acceleration Software in any GPU-accelerated system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrases "or otherwise used" and "any GPU-accelerated system." CoreWeave further objects to the extent the Request seeks materials that are

cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to the Request to the extent it seeks source code excerpts or other highly sensitive, proprietary materials, which are unnecessary to satisfy the stated purpose of this Request. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that, based on its understanding of this Request, CoreWeave will produce responsive, non-privileged high-level technical documentation sufficient to demonstrate how CoreWeave may have implemented or incorporated NVIDIA software for GPU acceleration in its commercial products, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

Source Code, configuration files, or implementation artifacts sufficient to show how NVIDIA GPU-Acceleration Software was integrated into Your systems, applications, or software pipelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce

documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "Your systems, applications, or software pipelines." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to the Request to the extent it seeks source code, configuration files, or implementation artifacts, which are highly sensitive, proprietary, and unnecessary to satisfy the stated purpose of this Request. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that, based on its understanding of this Request, CoreWeave will produce responsive, non-privileged high-level technical documentation sufficient to demonstrate how CoreWeave may have integrated NVIDIA software for GPU acceleration in its commercial products, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show how Your application-layer software invokes or interacts with NVIDIA GPU-Acceleration Software components, including the types of workloads, models, or applications executed using NVIDIA GPU-Acceleration Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the terms "invokes," "interacts," "workloads," "models," "applications," "executed," and the phrase "NVIDIA GPU-Acceleration Software components." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work

product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that, based on its understanding of this Request, CoreWeave will produce responsive, non-privileged high-level technical documentation sufficient to demonstrate how CoreWeave application-layer software included in its commercial products may interact with NVIDIA software for GPU acceleration, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

Internal development notes, version control records, Git repositories, commit logs, or related documents sufficient to show all derivative or modified source code created by You based on, incorporating, extending, or wrapping NVIDIA GPU-Acceleration Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not

within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "all derivative and modified source code," and the terms "based on," "incorporating," "extending," and "wrapping." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to the Request to the extent it seeks source code, version control notes, Git repositories, or commit logs, which are highly sensitive, proprietary, and unnecessary to satisfy the stated purpose of this Request. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it is willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show all uses of NV Link, MIG (Multi-Instance GPU), or any GPU orchestration software used in conjunction with NVIDIA GPU-Acceleration Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of

the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of phrase "any GPU orchestration software." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. For example, the Request uses the term "all." CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that, based on its understanding of this Request, CoreWeave will produce responsive, non-privileged documents sufficient to identify whether CoreWeave utilized NV Link or MIG in conjunction with NVIDIA software for GPU acceleration in its commercial products, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

Communications between You and NVIDIA relating to the setup, integration, customization, support, or use of any NVIDIA GPU-Acceleration Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of terms "communications," "setup," "integration," "customization," and "support." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce documents reflecting communications with NVIDIA, as such information is more appropriately obtained from NVIDIA.

**REQUEST FOR PRODUCTION NO. 13:**

Internal documents, presentations, or reports reflecting the performance benefits, functional improvements, or business value derived from using NVIDIA GPU-Acceleration Software and NVIDIA GPU-Acceleration Hardware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definitions of “NVIDIA GPU-Acceleration Hardware” and “NVIDIA GPU-Acceleration Software,” set forth in Paragraphs 15 and 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase “business value.” CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it calls for information which is confidential, or proprietary to, or the trade secrets of, a third party, or which CoreWeave is under an obligation and/or duty to a third party not to disclose. CoreWeave objects to this Request to the extent it seeks information or

documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce documents that may be responsive to this Request, as such information is more appropriately obtained from NVIDIA.

**REQUEST FOR PRODUCTION NO. 14:**

Revenue, usage, or subscription data for Your services or software platforms that relied on NVIDIA GPU-Acceleration Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definition of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "relied on." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate

and produce. CoreWeave objects to this Request to the extent it calls for information which is confidential, or proprietary to, or the trade secrets of, a third party, or which CoreWeave is under an obligation and/or duty to a third party not to disclose. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it is willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Benchmark results, technical evaluations, or cost-benefit analyses relating to Your use of NVIDIA GPU-Acceleration Software and NVIDIA GPU-Acceleration Hardware.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more

detailed objection to the definitions of "NVIDIA GPU-Acceleration Hardware" and "NVIDIA GPU-Acceleration Software," set forth in Paragraphs 15 and 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "relied on." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it calls for information which is confidential, or proprietary to, or the trade secrets of, a third party, or which CoreWeave is under an obligation and/or duty to a third party not to disclose. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that it will not search for or produce documents that may be responsive to this Request, as such information is more appropriately obtained from NVIDIA.

**REQUEST FOR PRODUCTION NO. 16:**

Marketing, customer-facing, or internal communications describing or referencing Your reliance on NVIDIA GPU-Acceleration Software and NVIDIA GPU-Acceleration Hardware or toolkits for performance, scalability, or innovation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to

this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definitions of "NVIDIA GPU-Acceleration Hardware" and "NVIDIA GPU-Acceleration Software," set forth in Paragraphs 15 and 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrases "reliance on" and "toolkits for performance, scalability, or innovation." CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it calls for information which is confidential, or proprietary to, or the trade secrets of, a third party, or which CoreWeave is under an obligation and/or duty to a third party not to disclose. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

Subject to and without waiving the foregoing General and Specific Objections, CoreWeave responds that, based on its understanding of this Request, CoreWeave will produce responsive, non-privileged marketing materials referencing the use of NVIDIA hardware or software for GPU acceleration in CoreWeave's commercial products, to the extent such documents exist, are reasonably accessible within CoreWeave's possession, custody, or control, and can be found after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify any third-party software, libraries, or frameworks that were used alongside or integrated with NVIDIA GPU-Acceleration Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definitions of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "any third-party software, libraries, or frameworks that were used alongside or integrated with NVIDIA GPU-Acceleration Software," including because the Request is facially not limited to use or integration by CoreWeave. CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

On the basis of the foregoing General and Specific Objections, CoreWeave will not search for or produce documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show how NVIDIA GPU-Acceleration Software interacted with other vendors' frameworks or toolchains.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definitions of "NVIDIA GPU-Acceleration Software," set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and unduly burdensome in its use of the phrase "other vendors' frameworks or toolchains," including because the Request is facially not relevant to CoreWeave's conduct. CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it seeks

information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

On the basis of the foregoing General and Specific Objections, CoreWeave will not search for or produce documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Internal documentation, including but not limited to wiki pages, collaborative documentation platforms, engineering knowledge bases, or similar repositories, sufficient to show the design, development, architecture, technical functionality, or operation of any GPU-accelerated software, system, or pipeline that uses, incorporates, interfaces with, or was developed in connection with any NVIDIA GPU-Acceleration Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are a matter of public record, or are otherwise equally available to Neural AI or obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request to the extent it seeks documents not within its possession, custody, or control. CoreWeave expressly incorporates herein its more detailed objection to the definitions of “NVIDIA GPU-Acceleration Software,” set forth in Paragraph 16 above. CoreWeave objects to this Request as vague, ambiguous, overly broad, and

unduly burdensome in its use of the phrase "any GPU-accelerated software, system, or pipeline," including because the Request is not limited to use or development by CoreWeave. CoreWeave further objects to the extent the Request seeks materials that are cumulative, irrelevant, or impose an undue burden to locate and produce. CoreWeave objects to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

On the basis of the foregoing General and Specific Objections, CoreWeave will not search for or produce documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications between You and NVIDIA, or between You and any Third Party, referring or relating to Neurala, Inc., Neural AI, or the Litigation, including but not limited to emails, memoranda, contracts, or agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

CoreWeave incorporates by reference the foregoing General Objections as though fully set forth herein. CoreWeave objects to this Request as overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to this action. CoreWeave objects to this Request to the extent it seeks information or documents that are not proportional to the needs of the case, and where the burden or expense outweighs its likely benefit. CoreWeave objects to this Request to the extent it purports to impose a burden on CoreWeave, a non-party, to produce documents that are obtainable from another source that is more convenient or less burdensome, including NVIDIA, a party to this litigation. CoreWeave objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents and communications" between CoreWeave and any Third Party. CoreWeave objects

to this Request to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine, and/or similar privilege.

On the basis of the foregoing General and Specific Objections, CoreWeave will not search for or produce documents that may be responsive to this Request.

Dated: December 1, 2025

*/s/ Olivia T. Nguyen*

Olivia T. Nguyen
FISH AND RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071
onguyen@fr.com

Adam Kessel
FISH AND RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
kessel@fr.com

**ATTORNEYS FOR NON-PARTY COREWEAVE, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 1, 2025, via electronic mail to the following counsel of record:

TLaiche@susmangodfrey.com
RMagni@susmangodfrey.com
TLusztig@susmangodfrey.com
BMelton@susmangodfrey.com
MTribble@susmangodfrey.com
EPortuguese@susmangodfrey.com
SDrezdzon@susmangodfrey.com
EGrant@susmangodfrey.com

*/s/ Olivia T. Nguyen*
Olivia T. Nguyen